**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYTTE**

| | |
|---|---|
| CHRISTY NEFF,                 )<br>           Plaintiff,                      )<br>                                            )<br>           v.                                )<br>                                            )<br>ANDREW SAUL, Commissioner of the  )<br>Social Security Administration,      )<br>           Defendant.                  ) | CAUSE NO.: 4:19-CV-64-HAB-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Christy Neff on June 21, 2019, and Plaintiff's Memorandum [DE 15], filed December 12, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 19, 2020, the Commissioner filed a response. Plaintiff did not file a reply.

On October 23, 2019, Judge Holly A. Brady entered an Order [DE 12] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the decision of the Administrative Law Judge be reversed and the case remanded for further proceedings.

**I.     Background**

On February 1, 2016, Plaintiff filed an application for benefits alleging that she became disabled on November 18, 2014. Plaintiff's application was denied initially and upon reconsideration. On March 28, 2018, Administrative Law Judge ("ALJ") Trina Moore held a video

hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On July 16, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since November 18, 2014, the alleged onset date.

3. The claimant has the following severe impairments: Grave's disease, anxiety, depression, and fibromyalgia.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that she can occasionally lift and carry twenty pounds and frequently lift and carry ten pounds; stand or walk for six hours of an eight hour workday; sit for six hours of an eight hour workday; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl, and have occasional interaction with co-workers and supervisors but no interaction with the public.

6. The claimant is capable of performing past relevant work as a cook. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 18, 2014, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the

reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in evaluating the opinion of Plaintiff's treating physicians, failed to support the RFC with substantial evidence, and applied a legally insufficient analysis of Plaintiff's subjective symptoms. The Commissioner argues that the ALJ properly resolved evidentiary conflicts in the record and that her opinion is supported by substantial evidence.

Plaintiff argues that the ALJ erred analyzing the opinions of his treating sources. For claims, like this one, filed prior to March 27, 2017, the ALJ "should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2) (replaced by 20 C.F.R. §404.1520c for claims filed after March 27, 2017); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declined to give a treating source's

4

opinion controlling weight, she should still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). "[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ examined the opinion of Plaintiff's treating physician regarding Plaintiff's physical limitations. Dr. French opined that Plaintiff can stand and walk for less than an hour at a time for an hour total in a workday, sit for an hour at a time and for an hour total in a workday, and would be absent for more than four days per month. The ALJ gave "little weight" to the opinion because Plaintiff's "treatment is improving with medication and she is doing well with the course of treatment" and had some normal test results. The ALJ did not address the physician's specialty – and, in fact, only mentioned the nurse practitioner who helped complete the form, which was also signed by Dr. French – the length of the treating relationship, or the other factors that were to go into the analysis.

The ALJ also gave "little weight" to the opinion of a consultative examiner, Dr. Dew, who opined that Plaintiff was limited to lifting and carrying 10 pounds and stand or walk for up to 2.5 hours per day with frequent, regular breaks, and sit for up to 5 hours per day with breaks. Dr. Dew also opined that Plaintiff had "extreme limits on her emotional ability," with "public interaction . . . next to impossible." AR 445. The ALJ gave the opinion little weight as inconsistent with the

5

record as a whole because "the examiner has opined that the claimant is more limited than medical evidence demonstrates," describing a number of normal medical physical findings in the record, but without explaining how those findings are inconsistent with the physician's opinion that Plaintiff's pain would limit her movement, despite her mostly normal musculoskeletal examination, and without addressing at all the consistency of the mental health limitations with the record or addressing the similarities between his opinion and that of Plaintiff's treating physician.

Rather than rely on the opinion of Plaintiff's treating physician or that of the examining physician, the ALJ gave "great weight" to the opinion of a non-examining consultant who considered the medical evidence of record prior to either of those opinions being added to the record. Plaintiff argues that the ALJ erred in relying on the opinion of a non-examining consultant rather than that of a treating physician, particularly since the consultant's assessment occurred before the opinions of the treating and examining physicians were made part of the record. ALJs are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [her]." 20 C.F.R. § 404.1527(c)(1). Likewise, "[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel*, 345 F.3d at 470 (finding error where "the ALJ did not explain how the evidence in the record contradicts [the examining physician]'s diagnosis"); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572-73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the

6

overall record").

The ALJ failed to give a sound assessment of her decision to discount the opinion of Plaintiff's treating physician regarding Plaintiff's physical limitations, instead relying on the outdated opinion of a non-examining consultant given more than a year prior to that assessment, and failed to address the similarities between the assessments of Plaintiff's treating and examining physicians. The Court recommends that the case be remanded to correct these errors.

The Court is also concerned by the ALJ's treatment of Plaintiff's mental limitations. In addition to ignoring the assessment of examining physician Dr. Dew, as described above, the ALJ again gave great weight to the opinions of state agency reviewers but only some weight to the opinions of professionals who examined Plaintiff. On remand, the ALJ is reminded of the direction to give more weight to the opinions of treating and examining physicians and that the contradictory opinion of a non-examining reviewer is not sufficient contradictory evidence. *Gudgel*, 345 F.3d at 470.

Plaintiff argues that the ALJ erred in failing to incorporate or explain how she incorporated Plaintiff's mental limitations in the RFC. The ALJ found that Plaintiff experienced moderate limitation in concentrating, persisting, or maintaining pace, moderate limitation interacting with others, and moderate limitation in understanding, remembering, or applying information. In the RFC, the ALJ limited her to occasional interaction with coworkers and supervisors and no interaction with the public, but did not incorporate any limitations regarding her pace or her ability to understand, remember, and apply information, without explanation.

"When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v.*

7

*Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). In particular, "the question must account for documented limitations of 'concentration, persistence or pace.'" *Stewart*, 561 F.3d at 684 (citing cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619.

In this case, the first hypothetical question to the VE incorporated the terms that ended up in the RFC, and the VE explained that a person with those limitations could do some of Plaintiff's past work, as performed, as well as other work in the economy. The second question also incorporated a limitation of being off task for 20% of the workday, which the VE testified would foreclose work. Although the VE did affirm that they had reviewed the record regarding Plaintiff's vocational background, there is no indication that they were considering limitations regarding a worker's pace or ability to understand, remember, and apply information in the first hypothetical. Unlike many of the RFCs which have been found to be deficient in incorporating a plaintiff's limitations, the RFC in this case did not even include limitation to simple tasks or lack of a production requirement. *C.f., e.g., DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Yurt*, 758 F.3d at 858-59 ("[W]e have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and

8

pace."); *Stewart*, 561 F.3d at 684-85 (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"). There is no logical bridge between Plaintiff's limitations in concentration, persistence, pace, memory, and ability to understand and apply information and the conclusion that her only job-related limitations have to do with her physical abilities and interaction with others.

Plaintiff also argues that the ALJ erred in evaluating Plaintiff's subjective symptoms, a concern that is particularly relevant because she suffers from fibromyalgia. *See, e.g., Vanprooyen*, 864 F.3d at 572 ("The administrative law judge also rejected [the treating physician]'s opinion because it rested mainly on [the plaintiff]'s reports of pain. That, too, was error, because [the physician]'s medical-source statement concerned only [the plaintiff]'s fibromyalgia, which cannot be measured with objective tests aside from a trigger-point assessment.") (citing *Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th Cir. 1996); Suleman Bhana, "Fibromyalgia," American College of Rheumatology (March 2017), www.rheumatology.org/I-Am-A/Patient-Caregiver/Diseases-Conditions/Fibromyalgia); SSR 12-2p, 2012 WL 3104869, *3 (July 25, 2012) (describing criteria for fibromyalgia, including "history of widespread pain, . . . [r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"). The Court is recommending remand for the errors described above. On remand, the ALJ is reminded of the requirement that she consider Plaintiff's allegations of pain and limitations and "evaluate whether [Plaintiff's] statements are consistent with objective medical evidence and the other evidence" and "explain" which symptoms were found to be "consistent or inconsistent with the evidence." SSR 16-3p, 2017 WL 5180304 (Oct.

9

25, 2017), at *6, *8; *see also Ghiselli v. Colvin,* 837 F.3d 771, 777 (7th Cir. 2016) ("[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts."); *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

The ALJ erred in her analysis of Plaintiff's treating physicians and failed to draw a logical bridge from the evidence to her conclusions, and the Court recommends that the case be remanded to correct these errors. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that she may build a 'logical bridge' between the evidence and his conclusion.").

**IV. Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the relief requested in Plaintiff's Memorandum [DE 15] and **REMAND** this matter for further proceedings consistent with this Report and Recommendation.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor*

*Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 30th day of July, 2020.

s/ John E. Martin\
MAGISTRATE JUDGE JOHN E. MARTIN\
UNITED STATES DISTRICT COURT

cc:   All counsel of record\
      Judge Holly A. Brady